UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Hairo Flores,

    Plaintiff,

v.

Dosal Tobacco Corporation,

    Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now Plaintiff Hairo Flores and other similarly situated individuals, by and through

the undersigned counsel, and hereby sue Defendant Dosal Tobacco Corporation, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). Plaintiff Hairo Flores is a Miami, Dade County, Florida resident. Plaintiff is a covered employee for purposes of the Act.

2. Plaintiff Hairo Flores is a Miami, Dade County, Florida resident. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Dosal Tobacco Corporation (from now on, Dosal Tobacco, or Defendant) is a Florida Profit Corporation conducting business in Dade County.  At all times material, Defendant was and is engaged in interstate commerce. Defendant was the employer of

Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

4. All the actions raised in this Complaint occurred within this Court's jurisdiction in Miami, Dade County, Florida.

General Allegations

5. Plaintiff Hairo Flores brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being adequately compensated.

6. Defendant Dosal Tobacco manufactures cigars, cigarettes, and tobacco products. Defendant Dosal Tobacco has a place of business at 4775 NW 132 ST, Opalocka, FL 33054, where Plaintiff and other asserted class members worked.

7. The employer Dosal Tobacco was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a manufacturer of tobacco products. Defendant has more than two employees directly and recurrently engaged in interstate commerce using the channels and instrumentalities of interstate commerce.   Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage.

8. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

9. Plaintiff Hairo Flores seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

10. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

11. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

12. This action is intended to include every security employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

13. Plaintiff Hairo Flores re-adopts every factual allegation stated in paragraphs 1-12 above as if set out in full herein.

14. This action is brought by Plaintiff Hairo Flores and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Defendant Dosal Tobacco employed Plaintiff Hairo Flores as a non-exempt, full-time, hourly employee from approximately June 2012 to May 28, 2024, spanning over 12 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 116 weeks.

16.  Plaintiff held the position of security officer. The plaintiff's duties included security and surveillance of Defendant's facilities. Plaintiff had a wage rate of $18.97 an hour. Plaintiff's overtime rate was $28.45 an hour.

17. Plaintiff worked five days per week. From Monday to Friday, a total of 42.5 hours weekly. Sometimes, Plaintiff was paid some overtime if he worked more than 42.5 hours.  Plaintiff was not able to take bona fide lunchtime hours every day.

18. Regularly, Plaintiff received weekly payments for 40 regular hours. However, Defendant unlawfully deducted 30 minutes per day, totaling 2.5 hours per week, for a lunch break, even though Plaintiff was unable to take a bona fide lunchtime break at least three days every week (1.5 hour).

19. The 1.5 hours unlawfully deducted as lunchtime constitute 1.5 unpaid overtime hours every week.

20. Thus, Plaintiff was not paid for all his overtime hours as required by law.

21. Plaintiff clocked in and out, and Defendant controlled his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

22. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

23. Plaintiff was paid with checks and paystubs that did not provide accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

24. On or around May 28, 2024, Plaintiff was forced to leave his employment.

25. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

26. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

27. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. Total amount of alleged unpaid O/T wages:

      Four Thousand Nine Hundred Fifty-Nine Dollars and 00/100 ($4,959.00)

   b. Calculation of such wages:

      Total period of employment: More than 12 years
      Relevant weeks of employment: 116 weeks
      Total number of hours worked: 42.5 weekly
      Unpaid O/T hours: 1.5 hours weekly (3 lunchtime hours)
      Hourly wage rate: $18.97 an hour x 1.5=$28.45 O/T
      O/T rate: $28.45

      Overtime for 1.5 hours unlawfully deducted lunchtime:
      $28.50 x 1.5 hours=$42.75 weekly x 116 weeks=$4,959.00

   c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

28. The Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

29. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

30. Defendant Dosal Tobacco willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Hairo Flores and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Hairo Flores and other similarly situated individuals and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

against Defendant Dosal Tobacco based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Hairo Flores actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Hairo Flores demands a trial by a jury of all issues triable as of right by a jury.

Date: March 10, 2024,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*